**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RAFAEL A. LLOVERA LINARES,**

       **Petitione,**

**vs.**                                **Case No. 4:13cv32-RH/CAS**

**DEPARTMENT OF HOMELAND SECURITY,**

       **Respondent.**

_____/

## ORDER and REPORT AND RECOMMENDATION

      Petitioner, proceeding pro se, has submitted an in forma pauperis motion, doc. 2, and a habeas corpus petition under 28 U.S.C. § 2241, doc. 1.  The motion is supported by a financial affidavit in which Petitioner asserts he is indigent and has no source of income with which to pay the filing fee.  Doc. 2 at 1.  Good cause having been shown, the motion is granted and this case may now be reviewed.

      Petitioner states that he seeks to "remedy his ongoing detention in violation of the Supreme Court's decision in **Zadvydas v. Davis, 533 U.S. 678 (2001).**"  Doc. 1.  However, the essence of the petition is that Petitioner is eligible for withholding of removal and that he should be granted asylum.  Doc. 1.  Petitioner argues that he would suffer severe hardship if he were returned to his native country of Venezuela,[1]

_____

[1] Petitioner states that he has been in the United States for 17 or 18 years.  Doc. 1 at 5.  Petitioner also suggests that his "only convictions" are a "misdemeanor fleeing

that he has a well-founded fear of future persecution and torture if he were returned, that he qualifies for relief under the Convention against Torture [CAT] and should be afforded asylum in the United States, and that he "should be granted a stay of deportation pending resolution of his application for suspension of deportation, and pending resolution of his asylum claim."  Doc. 1 at 19.

Petitioner states that he has been in ICE custody for 31 months, and "has been litigating his case since 2010 . . . ."  Doc. 1 at 1, 24.  Petitioner applied for asylum which was denied by an Immigration Judge on May 8, 2011.  *Id.* at 3; *see* Ex. B.  Petitioner appealed that decision to the Board of Immigration Appeals (the "BIA"), who affirmed the decision on September 10, 2011.  Doc. 1 at 3.  Petitioner states that he requested review of the BIA's decision in the Eleventh Circuit Court of Appeals, which he claims is currently pending.  *Id.*

Petitioner does not appear entitled to release under Zadvydas, *supra*, because he does not allege that a final order of removal has already been entered in his case, he does not provide a date upon which a final order of removal was entered, nor does Petitioner allege that his removal is not likely to occur in the reasonably foreseeable future for any asserted reasons apart from his pending application to stay his removal.

Pursuant to § 1231(a)(1)(B), the removal period does not begin to run until the latest of:

---

and eluding" and a 2002 "misdemeanor conviction of trespassing and a aggravated fleeing and eluding in June 2007."  Doc. 1 at 3.  That listing of convictions is not entirely correct.  *See* Case 0:12-cv-61430, Southern District of Florida, doc. 12.  In dismissing Petitioner's emergency petition for writ of habeas corpus and coram nobis, the court noted Petitioner "pled guilty/no contest to Felony Driving Under the Influence - Third Offense and Aggravated Fleeing and Eluding" and was sentenced to 5 years incarceration on June 21, 2007.  Doc. 12 of that case.

(1) The date the order of removal becomes administratively final.

(2) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(3) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). In this case, the petition is insufficient on its face because Petitioner does not allege he has been issued a final order of removal which is administratively final. Petitioner's removal period does not appear to have begun because he contends his appeal is still pending in the Eleventh Circuit.

Courts have held that the presumptively reasonable six month period for removal after issuance of a final order as established by Zadvydas is tolled when an alien requests judicial review of a removal order and a court orders a stay of removal. Akinwale v. Ashcroft, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (finding that petitioner "interrupted the running of the time under *Zadvydas* by moving" for a stay of removal and noting that because he "chose to simultaneously challenge issues related to his removal order and his post-removal period detention," he "did not have even an unencumbered month of detention prior to filing his § 2241 petition, let alone the requisite six months."); *see also* Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004) (finding the petitioner's detention not improper under *Zadvydas* but "rather, directly associated with a judicial review process that has a definite and evidently impending termination point and, thus, more akin to detention during the administrative review process, which was upheld in Demore v. Kim, 538 U.S. 510, 527-29, 123 S.Ct. 1708, 155 L.Ed.2d 724, (2003)); Evangelista v. Ashcroft, 204 F.Supp.2d 405, 409 (E.D.N.Y.2002) (holding that petitioner was "not being held indefinitely beyond the

removal period" but instead, "he is being held pursuant to a stay [that] he has requested."). The court in <u>Evangelista</u> stated that in such circumstances it is "disingenuous" to seek release under <u>Zadvydas</u> when a period of detention is the "direct result of his seeking relief from deportation." 204 F.Supp.2d at 409. *See also* <u>Yang v. Chertoff</u>, No. 05-73098, 2005 WL 2177097, at *3 (E.D.Mich. Sept. 8, 2005) (finding that "when a stay of removal is entered by the reviewing court, the matter is effectively removed from a final removal order posture" and § 1231(a) does not apply), *citing* <u>Quezada-Bucio v. Ridge</u>, 317 F.Supp.2d 1221, 1224 (W.D.Wash. 2004) (finding that "[b]ecause Petitioner's removal order has been stayed by the Ninth Circuit pending its review of the BIA decision, the 'removal period' has not yet commenced, and Petitioner therefore is detained pursuant to [§ 1226]."). Thus, to the degree this petition could be liberally construed as premised on an entitlement to release under <u>Zadvydas</u>, it should be denied because Petitioner has not made the required showing that he has been in detention for six months or more after issuance of a final order of removal.

That does not end the matter, however, because it appears that the primary purpose of this habeas petition is to seek a stay of deportation and relief under the Convention against Torture and to be afforded asylum in the United States. Doc. 1. This Court lacks jurisdiction to entertain such a petition. The REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005), strips district courts of habeas corpus jurisdiction to review orders of removal. <u>Ivantchouk v. United States Atty. Gen.</u>, 417 F.App'x 918, 921, 2011 WL 902223, at *2 (11th Cir. 2011). Section 106(a)(1) of the Act provides that the courts of appeals are the sole and exclusive means for judicial review of an order of removal.

Section 106 of the REAL ID Act amended 8 U.S.C. § 1252(a) so that a petition for review filed with the appropriate court is now an alien's exclusive means of review of a removal order. 8 U.S.C. § 1252(a)(5), as amended by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). While limiting the avenues of judicial review, the REAL ID Act expanded courts of appeals' jurisdiction to consider constitutional and legal questions presented in a petition for review. § 1252(a)(2)(D). Congress believed that "[b]y placing all review in the courts of appeals, [the REAL ID Act] would provide an 'adequate and effective' alternative to habeas corpus." The thinking was that the Act "would not change the scope of review that criminal aliens currently receive, because habeas review does not cover discretionary determinations or factual issues that do not implicate constitutional due process." 151 Cong. Rec. H2813-01, H2873. Because Congress gave courts of appeals jurisdiction to review all legal and constitutional errors in a removal order, habeas review became unnecessary. See Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir.2005) (deciding that we had jurisdiction to review whether the BIA legally erred in determining that alien's conviction was an aggravated felony).

Alexandre v. United States Atty. Gen., 452 F.3d 1204, 1206 (11th Cir. 2006). Thus, to the degree Petitioner is entitled to review[2] of the BIA's decision denying his request for asylum and withholding of removal pursuant to CAS, it may be obtained only in the Court of Appeals. *See* Balogun v. United States Atty. Gen., 425 F.3d 1356, 1359 (11th Cir. 2005) (noting the REAL ID Act loosened the jurisdictional restraints of § 1252(a)(2)(c)); *see also* Arias v. United States Atty. Gen., 482 F.3d 1281, 1284 (11th Cir. 2007) (noting that under § 1252(a)(2)(B), there is limited judicial review possible in the courts of appeals arising out of removal proceedings); Jean-Pierre v. United States Atty. Gen., 500 F.3d 1315, 1321 (11th Cir. 2007) (explaining that "criminal aliens seeking review of an unsuccessful CAT claim may no longer proceed in habeas;" and stating "the exclusive mechanism for judicial review is a petition for review filed with the

---

[2] The Court of Appeals likely does not have jurisdiction to review a decision on Petitioner's application for asylum. 8 U.S.C. § 1158(a)(3); Obidjonov v. United States Atty. Gen., 453 F.App'x 951, 952, 2012 WL 280725, at *1 (11th Cir. 2012).

appropriate court of appeals"), *citing* 8 U.S.C. § 1252(a)(5); Balogun v. United States Att'y Gen., 425 F.3d 1356, 1359-60 (11th Cir. 2005). Under the REAL ID Act, an alien who claims legal error in a final order of removal may petition the courts of appeals for review. Balogun, 425 F.3d at 1360. The courts of appeal have exclusive jurisdiction to undertake judicial review. 8 U.S.C. § 1252(a)(5).

It is entirely possible that Petitioner's avenue of relief exists only in his appeal which Petitioner suggests is pending before the Eleventh Circuit rather than in this habeas petition. 8 U.S.C. § 1252(a)(5). Such a decision, however, lies solely within the jurisdiction of the court of appeals. In the interests of justice, and in accordance with the leniency afforded pro se litigants, this case should be transferred to the court of appeals rather than dismissed. The REAL ID Act[3] includes a transfer provision providing that "the district court shall transfer . . . to the court of appeals" any case "challenging a final administrative order of removal . . . ." REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005). Therefore, pursuant to the REAL ID Act, codified at 8 U.S.C. § 1252(a)(2)(D), this case need not be dismissed but may, instead, be transferred to the Eleventh Circuit Court of Appeals.

**ORDERED**

Accordingly, it is **ORDERED** that the motion seeking leave to proceed in forma pauperis, doc. 2, be **GRANTED**.

---

[3] The REAL ID Act, which amended 8 U.S.C. § 1252(a)(2)(D), gives the courts of appeals jurisdiction to decide questions of law and certain constitutional claims. Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1359 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1920 (2006), *cited in* Arias, 482 F.3d at 1284.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2241

petition, doc. 1, filed by Petitioner Rafael A. Llovera Linares be **TRANSFERRED** to the

Eleventh Circuit Court of Appeals pursuant to REAL ID Act of 2005, 8 U.S.C. § 1252.

**IN CHAMBERS** at Tallahassee, Florida, on January 29, 2013.


 S/      Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**