IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAFAEL A. LLOVERA LINARES,

    Petitioner,

v.                             CASE NO. 4:13cv32-RH/CAS

DEPARTMENT OF HOMELAND
SECURITY,

    Respondent.

_____/

## ORDER OF DISMISSAL

The petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition is before the court on the magistrate judge's report and recommendation, ECF No. 4. No objections have been filed.

The report and recommendation correctly concludes that the petition challenges the order for the petitioner's removal from the United States and that this court therefore lacks jurisdiction; only the appropriate Court of Appeals has jurisdiction over a challenge to a removal order. *See*, *e.g.*, *Ivantchouk v. U.S. Atty. Gen.*, 417 Fed. Appx. 918, 921 (11th Cir. 2011) (affirming the district court's

dismissal of a challenge to a removal order for lack of subject matter jurisdiction under 8 U.S.C. § 1252).

The report and recommendation concludes that the case should be transferred to the Eleventh Circuit under a provision of the Real ID Act allowing such a transfer. But by its terms, that provision allows transfer only of a petition that was pending when the Real ID Act was enacted. *See* Pub. L. 109-13, § 106(c) ("If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, *is pending in a district court on the date of the enactment* of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under [the new provisions]") (emphasis added). A petition that is filed in a district court after the Real ID Act's effective date should—perhaps must—be dismissed, not transferred to the Court of Appeals. *See* Jay M. Zitter, Annotation, *Validity, Construction, and Application of REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231,* 11 A.L.R. Fed. 2d 1, § 7 (2006) (collecting cases).

Moreover, the petitioner says an appeal of the removal order already is pending in the Eleventh Circuit. The better course, therefore, is to dismiss this petition, leaving the petitioner free to attempt to file a new proceeding in the

Eleventh Circuit only if he wishes to do so.  This will avoid unnecessary procedural complexity.

Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED in part.  The clerk must enter a judgment stating, "The petition is dismissed without prejudice for lack of jurisdiction."  The clerk must close the file.

SO ORDERED on March 11, 2013.

s/Robert L. Hinkle  
United States District Judge