IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAFAEL A. LLOVERA LINARES,

    Petitioner,

v.                                        CASE NO. 4:13cv32-RH/CAS

DEPARTMENT OF HOMELAND
SECURITY,

    Respondent.

_____/

**ORDER DISMISSING THE PETITION
BUT GRANTING LEAVE TO AMEND**

      By petition for a writ of habeas corpus under 28 U.S.C. § 2241, Rafael A. Llovera Linares challenged an order for his deportation. As a small part of the long petition, Mr. Llovera asserted that he had been detained longer than allowed by *Zadvydas v. Davis*, 533 U.S. 678 (2001). But the three explicit claims and the prayer for relief did not seem to include a *Zadvydas* claim; their focus was entirely on the alleged invalidity of the deportation order. I dismissed the petition on the ground that the challenge to the deportation order was within the exclusive jurisdiction of the Court of Appeals. The Court of Appeals did not disagree but

reversed the dismissal and remanded for consideration of the *Zadvydas* issue that the court deemed properly presented by the petition.

The petition is back before the court on the magistrate judge's report and recommendation, ECF No. 19. No objections have been filed.

The report and recommendation correctly concludes that the petition fails to state a claim under *Zadvydas* on which relief can be granted. This is so because the petition affirmatively asserts that immigration officials have tried to deport Mr. Llovera but he has refused to go. As the cases cited in the report and recommendation make clear, an alien who is still in detention only because the alien refuses to leave the country is not entitled to relief under *Zadvydas*.

This order accepts the recommendation to dismiss the petition. The order provides Mr. Llovera an opportunity to file an amended petition. An amended petition must be a complete petition standing alone; it cannot carry forward allegations from the original petition. An amended petition should omit the claims asserting that the deportation order is invalid. An amended petition will be dismissed unless it includes an allegation that Mr. Llovera is willing to cooperate in his deportation but that his removal in the foreseeable future is nonetheless unlikely. Unless Mr. Llovera can make such an allegation in good faith, he should not file an amended petition.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's further opinion. The petition is dismissed. Mr. Llovera may file an amended petition by not later than December 8, 2013. The clerk must mail a petition form to Mr. Llovera with the service copy of this order.

SO ORDERED on November 8, 2013.

s/Robert L. Hinkle<br>United States District Judge